IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JESSICA NARDELLI, AND; AND JULIE HANSEN, | ) ) | |
| Plaintiffs, | ) ) ) | 2:20-CV-01723-CRE |
| vs. | ) ) ) | |
| DON G. LAMPARSKI D.M.D, AND; AND DON G. LAMPARSKI JR., BOTH JOINTLY AND SEVERALLY; | ) ) ) ) | |
| Defendants, | ) ) | |

## MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

### I.   INTRODUCTION

This civil action was initiated in this court by Plaintiffs Jessica Nardelli and Julie Hansen, former employees of Defendants Don G. Lamparski, D.M.D and Don G. Lamparski, Jr. D.M.D. alleging violations of the Fair Labor Standards Act, and the Pennsylvania Minimum Wage Act. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), (6) and a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). (ECF No. 19). The motion is fully briefed and ripe for disposition.

For the reasons that follow, Defendants' motion to dismiss is denied and the motion for

---

[1]   All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

more definite statement is granted.

## II.  BACKGROUND

Plaintiffs Jessica Nardelli and Julie Hansen worked for Defendants as dental assistants. Plaintiffs' job duties included daily setting up and loading/unloading of equipment, cleaning, working on patients related to general dental work, and answering phone calls.  To perform general dental work, Plaintiffs used advanced orthodontic technology including Invisalign aligner trays, Acceledent devices, Epic X diode lasers, iTero digital impression scanners, and Digital Indirect Bonding Systems (DIBS).  Plaintiffs claim that these materials and equipment were manufactured out of state and transported across state lines to Pennsylvania and used by Defendants.

Plaintiff Nardelli claims that during her employment, she did not have to "punch in or punch out" of work and she did not have a time clock to enter the hours she worked.  When she began her employment, she was paid on an hourly rate, but was later paid on a salaried basis on a pay rate and schedule that started at 9:00 A.M. and ended at 5:00 P.M. each day of work.  Plaintiff Nardelli alleges that despite her 9:00 A.M. to 5:00 P.M. work schedule, she consistently was required to work and perform job duties as early as 1-2 hours prior to her 9:00 A.M. start time and as late as 1-2 hours after her 5:00 P.M. end time.

In March 2020, the COVID-19 pandemic affected the dentist office's daily operation and Plaintiff Nardelli did not return to work or the office between March 10, 2020 and May 10, 2020. Plaintiff Nardelli did not receive any compensation from Defendants.  On or about Saturday, May 9, 2020, Defendant Dr. Lamparski, Sr. sent out an office-wide email indicating that all employees appearing on the upcoming work schedule were to respond by Monday, May 11, 2020.  Plaintiff Nardelli did not appear on the schedule, yet Defendants expected Plaintiff Nardelli to work Thursday, May 14, 2020.

On or about May 12, 2020, the front desk receptionist called Plaintiff Nardelli's family members multiple times inquiring about her lack of response to the emails.  In response, Plaintiff Nardelli emailed Don Lamparski, Jr. directly explaining she was sick, was not able to immediately return and did not feel comfortable returning to work when sick. While not explicit in the complaint, it appears that Plaintiff Nardelli was recovering from COVID-19.  Plaintiff Nardelli never received a response from Defendants about returning to work or her employment status.  She did not return to work for Defendants and claims that Defendants have not paid her for any overtime hours she worked during her entire employment.

Plaintiff Hansen alleges that during her employment with Defendants beginning on June 14, 2018, she did not have to "punch in or punch out" of work and she did not have a time clock to enter the hours she worked.  Plaintiff Hansen was paid on an hourly rate and on a pay rate schedule that she started at 9:00 A.M. and ended at 5:00 P.M. each day of work.  Despite this pay schedule, she was consistently required by Defendants to work and perform job duties as early as one to two hours prior to her 9:00 A.M. start time and as late as one to two hours after her 5:00 P.M. end time.  On August 2, 2019, Plaintiff Hansen decided to leave her employment and stopped working for Defendants. She was not paid for any overtime hours she worked during her employment with Defendants.

Don Lamparski, Jr. had a policy which prohibited employees from using their cell phone at work and if the employee violated the policy, $50 would be deducted from their paycheck for each violation. Plaintiffs claim that multiple violations occurred which resulted in lost wages from employees, including Plaintiffs.

Plaintiffs initiated this lawsuit alleging the following claims: (1) a "participation theory" violation of the FLSA and PMWA against Don Lamparski, Jr. ("Count I"); (2) failure to pay

overtime and base rate in violation of the FLSA against Defendants ("Count II"); and (3) failure to pay overtime and base rate in violation of the PMWA ("Count III").

### III.   STANDARD OF REVIEW

#### a.   *Federal Rule of Civil Procedure 12(b)(6)*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).  Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic*

*Corp.*, 550 U.S. at 555.  A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555.  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).  The court does not consider whether a plaintiff will ultimately prevail. *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached thereto, without

converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

       *b.   Federal Rule of Civil Procure 12(e)*

A motion for more definite statement, in turn, is governed by Rule 12(e) of the Federal Rules of Civil Procedure which provides that the court may order a party to prepare: "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). A complaint is "vague or ambiguous" when it "does not disclose the facts underlying a plaintiff's claim for relief, [and therefore] the defendant cannot reasonably be expected to frame a proper, fact-specific ... defense[.]" *Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).

**IV.   DISCUSSION**

       *a.   Fair Labor Standards Act*

Defendants argue that the court lacks subject matter jurisdiction over Plaintiffs' FLSA claim because they have not alleged "any products or services by the orthodontist are placed in interstate commerce, solely alleging that some products utilized by the orthodontist were manufactured outside of Pennsylvania," nor have they claimed that Defendants' business has annual sales exceeding $500,000. (ECF No. 20 at 7).  The Court does not lack subject matter jurisdiction over Plaintiffs' claims because, as Defendants argue, they have failed to allege an element of an FLSA claim.  Rather, such an argument implies that Plaintiffs have failed to state

claim under Federal Rule of Civil Procedure 12(b)(6) and the Court will address Defendants'
argument within that framework.

Plaintiffs respond that "[i]n the performance of their regular duties, Plaintiffs utilized
various materials and equipment which had been manufactured out of state and transported across
state lines to Pennsylvania to be used by Defendants, including but not limited to Invisalign aligner
trays, Acceledent devices, Epic X diode lasers, iTero digital impression scanners, and Digital
Indirect Bonding System (DIBS)." (ECF No. 23 at 5).

The FLSA generally requires employers to pay employees one and one-half times the
regular wage for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a); *Davis v.
Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014). To state a prima facie case under the
FLSA for unpaid overtime wages, a plaintiff must allege that: "(1) the defendant was 'engaged in
commerce' as that phrase is defined by the FLSA; (2) the plaintiff was an 'employee' as defined
by the FLSA; and (3) the plaintiff worked more than forty hours in a week but was not paid
overtime compensation for the hours worked in excess of forty." *Rummel v. Highmark, Inc.*, No.
3:13-CV-87, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013) (citing 29 U.S.C. § 216(b)); see
also *Davis*, 765 F.3d at 241; *Bedolla v. Brandolini*, No. CV 18-146, 2018 WL 2291117, at *3 (E.D.
Pa. May 18, 2018); *Mell v. GNC Corp.*, No. CIV.A. 10-945, 2010 WL 4668966, at *5 (W.D. Pa.
Nov. 9, 2010) (collecting cases).

The FLSA covers employees who are engaged in commerce or in the production of goods
for commerce (the "individual" coverage) or employees who are employed in an enterprise
engaged in commerce or the production of goods for commerce (the "enterprise" coverage). 29
U.S.C. § 203(s)(1). The FLSA defines "commerce" as "trade, commerce, transportation,
transmission, or communication among the several States or between any State and any place

outside thereof." 29 U.S.C. § 203(b).  At the motion to dismiss stage, it is frequently sufficient for a plaintiff to allege that the defendant was an enterprise engaged in commerce under the FLSA. *Razak v. Uber Techs., Inc.*, No. CV 16-573, 2016 WL 5874822, at *5 (E.D. Pa. Oct. 7, 2016); *Dong v. Ren's Garden*, No. CIVA09-5642 MLC, 2010 WL 1133482, at *4 (D.N.J. Mar. 22, 2010) (internal citations omitted); see also *Zebroski v. Gouak*, No. CIV.A. 09-1857, 2009 WL 2950813, at *1 (E.D. Pa. Sept. 9, 2009).

Here, Plaintiffs have alleged sufficient facts that discovery could reveal that Defendants were an enterprise engaged in commerce under the FLSA.  They allege that they were employees who used various materials and equipment manufactured out of state and transported across state lines to Pennsylvania to be used by Defendants, including but not limited to Invisalign aligner trays, Acceledent devices, Epic X diode lasers, iTero digital impression scanners, and Digital Indirect Bonding System (DIBS) in the performance of their job duties and therefore can be considered an enterprise engaged in commerce. *Marshall v. Brunner*, 668 F.2d 748, 751 (3d Cir. 1982) (employee's use of "trucks, truck bodies, tires, batteries, and accessories, sixty-gallon containers, shovels, brooms, oil and gas" which were manufactured out of state and moved in interstate commerce was sufficient to establish that defendant was an "enterprise engaged in commerce" under the FLSA).  Accordingly, Defendants' motion is denied in this respect.

b.  *Colorado River Abstention*

Defendants argue that the court should abstain from hearing this suit under the *Colorado River* abstention doctrine because Plaintiffs first filed a suit in state court and while that action was pending, they filed the instant repetitive lawsuit.  Defendants claim that Plaintiffs previously filed a Writ of Summons on September 10, 2020 and a complaint against the Defendants on or about October 13, 2020 in the Court of Common Pleas of Allegheny County Pennsylvania for the same

claims alleged here, including non-payment of overtime wages under the FLSA and PMWA. Defendants claim that while preliminary objections to the state court complaint were pending, Plaintiffs commenced the instant action.  Defendants therefore argue that this Court should abstain from hearing this suit under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

Plaintiffs respond that the Court should not abstain because on December 10, 2020, "before the case had progressed, the state court action was Discontinued without Prejudice." (ECF No.22 at 7).  Plaintiffs also maintain that no decisions were rendered prior to Plaintiff voluntarily discontinuing the case. (ECF No. 22 at 8).

The *Colorado River* abstention doctrine is to be narrowly applied in light of the general principle that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); see also *Colorado River Water Conservation Dist.*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.") (citation and internal quotation omitted). When a court clearly has subject matter jurisdiction over a cause of action, "abstention rarely should be invoked, because federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 705, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 817).

Whether abstention is appropriate is a two-part inquiry. The initial question is whether there is a parallel state proceeding that raises "substantially identical claims [and] nearly identical

allegations and issues." *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005) (internal quotation and citation omitted). "For judicial proceedings to be parallel, there must be identities of parties, claims, and time." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006). Where the state court proceeding is not ongoing or pending and is terminated, there is no parallel litigation requiring abstention because "[t]he threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding." *IFC Interconsult, AG*, 438 F.3d at 306. See *Bass v. Butler*, 258 F.3d 176, 179 (3d Cir. 2001) ("[A]bstention is . . . inapplicable under Colorado River and Younger] because it provides for federal deference to ongoing, not completed, parallel state proceedings."); *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999) (requiring "simultaneous litigation" in state and federal courts for Colorado River abstention to apply).

Here, it is undisputed that the state court proceeding has been dismissed without prejudice and therefore there is no ongoing parallel state proceeding. Accordingly, Defendants' motion for the Court to abstain is denied.

### c. Motion for More Definite Statement

Defendants argue that Plaintiffs have not adequately alleged facts that would tend to prove that they worked more than 40 hours in any given week so that they would be entitled to overtime wages as alleged and seeks an Order of Court "requir[ing] the plaintiffs to amend that portion [of their complaint] with a more definite statement." (ECF No. 20 at 11). Defendants further argue that it is not likely that the Plaintiffs worked over 40 hours in a given week because they were part time employees who only worked 2-3 days per week.

Plaintiffs respond that they have adequately pleaded facts "sufficient to demonstrate that [they] worked hours outside of the typical forty as most of [their] days required [them] to work

beyond the normal hours of operation: 9:00 a.m. to 5:00 p.m." (ECF No. 23 at 10).  Plaintiffs further maintain that Defendants are in the best position to quantify the total number of overtime hours worked by Plaintiffs.

Here, Defendants are correct that Plaintiffs have not sufficiently pleaded that they worked over 40 hours in any given week. "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). See accord *Davis*, 765 F.3d at 242–43.  While Plaintiffs allege that they had to work over eight hours in one day by starting and ending up to a total of four hours over their scheduled shift, they do not allege, for example that they were regular full-time employees or that the time worked over their scheduled shift forced them to work over 40 hours in a single workweek. Instead, Plaintiffs simply allege that they worked up to four hours over their eight-hour shift "each day of work." (ECF No. 7 at ¶¶ 13, 33).  Moreover, Plaintiffs do not allege that they worked over 40 hours in any given week and worked uncompensated time in excess of 40 hours.  To state an unpaid overtime FLSA claim, "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). See also *Davis*, 765 F.3d at 242–43.  Plaintiffs have offered no such allegations in this case.

While such an insufficient pleading would support dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, Defendants simply seek a more definite statement from Plaintiffs alleging sufficient facts tending to prove they worked over 40 hours in a single workweek and were uncompensated for the time in excess of 40 hours.  Therefore, Defendants' motion for a more

definite statement is granted, and to the extent that Plaintiffs can amend their complaint in compliance with Federal Rule of Civil Procedure 11 to include such facts, they may do so. Should Plaintiffs not be able to adequately amend their complaint to include such allegations, their FLSA unpaid overtime claim will be dismissed with prejudice.

>    d.   *State Law Claims*

Defendants argue that because Plaintiffs' federal claims should be dismissed that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law wage claims. Because the Court is not dismissing Plaintiff's FLSA claims at present, it will continue to exercise supplemental jurisdiction over Plaintiffs' state law claims and Defendants' motion is summarily denied in this respect.

## V.   CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is denied and motion for more definite statement is granted. An appropriate Order follows.

Dated: December 17, 2021.                     By the Court,
                                              s/ Cynthia Reed Eddy
                                              Chief United States Magistrate Judge