IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JESSICA NARDELLI, AND; AND JULIE HANSEN, <br><br>    Plaintiffs, <br><br>vs. <br><br>DON G. LAMPARSKID.M.D, AND; AND DON G. LAMPARSKIJR., BOTH JOINTLY AND SEVERALLY; <br><br>    Defendants, | 2:20-CV-01723-CRE |

# **MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I.    INTRODUCTION

This civil action was initiated by Plaintiffs Jessica Nardelli and Julie Hansen, former employees of Defendants Don G. Lamparski, D.M.D and Don G. Lamparski, Jr. D.M.D. alleging violations of the Fair Labor Standards Act, and the Pennsylvania Minimum Wage Act. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Presently before the Court is Defendants' motion to strike for failure to comply with Federal Rule of Civil Procedure 15(a)(2), and a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (ECF No. 33). The motion is fully briefed and ripe for disposition.

For the reasons that follow, Defendants' motion to strike is denied, motion to dismiss is

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

granted, and supplemental briefing will be ordered.

## II. BACKGROUND

Since the initiation of this action, Plaintiffs have filed four separate iterations of their complaint alleging various overtime wage violations. Plaintiffs filed their first amended complaint as of right following the Defendants filing a motion to dismiss. (ECF No. 13). Defendants moved *inter alia* for a more definite statement which the Court granted and ordered Plaintiffs to file a second amended complaint. (ECF No. 26). Plaintiffs filed a second amended complaint, which the Defendants moved to dismiss. While the Court issued a briefing order on the motion to dismiss, Plaintiffs filed a Third Amended Complaint and did not issue a responsive pleading. (ECF No. 32). Defendants now move to strike or dismiss the Third Amended Complaint.

Because the Court has previously recounted the facts underlying this action (ECF No. 25), only those necessary for the disposition of the present motion will be included herein.

Plaintiff Nardelli alleges that between October 2015 and April 2019, she was assigned an eight-hour shift from 9:00 a.m. to 5:00 p.m. and she did not punch in or punch out of work and did not have a time clock to enter the number of hours she worked. She claims she was compensated for an eight hour "unit" for each day she worked regardless of how many hours she worked and was not compensated for the days she did not work. She claims that she was told by Defendants that she was a "salaried employee" despite her pay structure being an hourly position. Plaintiff Nardelli alleges that "Defendant routinely required [Plaintiff] Nardelli to begin work on-site one to two hours in advanced of her 'scheduled' 9:00 a.m. start time, and she would stay one to two hours beyond her 5:00 p.m. end time." (ECF No. 32 at ¶ 20). She further alleges that she "accrued as much [as] ten hours in overtime in the course of a five-day work week" and there were occasions that she "accrued more than ten hours of overtime in a seven-day period." *Id*. at ¶ 21.

Beginning in April 2019, Plaintiff Nardelli began to work part-time and would typically work three to four days a week 9:00 a.m. to 5:00 p.m. She alleges that she was still required to arrive one to two hours before 9:00 a.m. and depart one to two hours after 5:00 p.m. and was not compensated for the hours worked beyond the eight hour "unit" of compensation. Plaintiff Nardelli claims that she "would have accrued more than forty hours in a seven-day period on many occasions." *Id*. at ¶ 29.

In June 2018, Plaintiff Hansen began working for Defendants and was assigned an eight-hour shift from 9:00 a.m. to 5:00 p.m. and she did not punch in or punch out of work and did not have a time clock to enter the number of hours she worked. Plaintiff Hansen worked three to four days per week during her employment. She claims she was paid in eight hour "units" and throughout her employment she was "routinely" required to begin working one to two hours in advanced of her scheduled 9:00 a.m. shift and "she would stay" one to two hours beyond her 5:00 p.m. end time. *Id*. at ¶ 52. She alleges she was not compensated for any time worked beyond her eight-hour unit and "[b]ased on her regular habits and shifts, [Plaintiff] Hansen would have accrued more than 40 hours in a seven-day period on many occasions." *Id*. at ¶ 54.

Plaintiffs initiated this lawsuit alleging the following claims: (1) a "participation theory" violation of the FLSA and PMWA against Defendants ("Count I"); (2) Plaintiff Nardelli's failure to pay overtime in violation of the FLSA against Defendants ("Count II"); (3) Plaintiff Nardelli's failure to pay a minimum wage in violation of the FLSA against Defendants ("Count III"); (4) Plaintiff Nardelli's failure to pay overtime and base rate in violation of the PMWA ("Count IV"); (5) Plaintiff Hansen's claim for failure to pay overtime in violation of the FLSA against Defendants ("Count V"); (6) Plaintiff Hansen's failure to pay minimum wage in violation of the FLSA ("Count VI"); and (7) Plaintiff's Hansen's failure to pay overtime and base rate in violation of the PMWA

("Count VII").

### III. STANDARD OF REVIEW

#### a. Federal Rule of Civil Procedure 12(b)(6)

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do."

*Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359

F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV.    DISCUSSION**

Defendants seek to strike Plaintiffs' complaint for failure to conform with Rule 15(a)(2) and additionally seek to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Rule 12(b)(6) and lack of jurisdiction pursuant to Rule 12(b)(1). Each argument will be separately discussed.

a.  <u>Motion to Strike</u>

Defendants argue that Plaintiffs' complaint should be stricken for failure to conform with Rule 15.  Specifically, Defendants argue that instead of filing a motion for leave to amend their complaint, Plaintiff improperly filed their third amended complaint in response to Defendants previously filed motion to dismiss Plaintiff's second amended complaint.  Defendants also argue that amendment would be futile.

In response, Plaintiffs admit that they should have sought leave to amend their complaint but argue that the Court should permit the filing *nunc pro tunc* and admit the filing under Rule 15's liberal guidelines.

Federal Rule of Civil Procedure 15 states that "[a] party may amend the party's pleading once as a matter of course" within 21 days of the service of a motion under Rule 12(b), but "[i]n all other cases, a party may amend its pleading only with the opposing parties' written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2).  Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Id.* Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith." *Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D.Pa.1993). Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." *Id*. In addition, amendment of a complaint would be futile if "the amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp*., 706 F.2d 111, 125 (3d Cir.1983). Denying leave to amend where none of these factors are present is an abuse of discretion. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir.2000).

Defendants are correct that Plaintiffs did not seek leave to amend the complaint and is seeking to do so through their response to Defendants' motion to strike. While this is not the appropriate way to seek amendment of a complaint, because the Court discerns no undue prejudice that Defendants would suffer from allowing the amendment, the Court will allow the filing of the amended complaint and analyze the remainder of Defendants' arguments, including whether amendment is futile.

    b.  <u>Motion to Dismiss for Failure to State a Claim</u>

This Court previously held that "[t]o state an unpaid overtime FLSA claim, 'Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they had worked more than 40 hours in a given week.'" Memo. Op. (ECF No. 25 at 11) (citations and quotation marks omitted). Defendants argue that Plaintiffs' current iteration of their complaint does not meet this standard and neither Plaintiff alleges that they were scheduled to work forty hours in any given week and that their allegations that "based on [their]

regular habits and shifts [they] would have accrued more than 40 hours in a seven-day period on many occasions[]" does not rise to the level of providing sufficient detail to support a reasonable inference they worked more than forty hours in any given week. (ECF No. 34 at 7). Plaintiffs argue that they have sufficiently alleged they worked beyond forty hours in a work week and provided estimates of the amount of overtime hours they worked.

The FLSA generally requires employers to pay employees one and one-half times the regular wage for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014). To state a prima facie case under the FLSA for unpaid overtime wages, a plaintiff must allege that: "(1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) the plaintiff was an 'employee' as defined by the FLSA; and (3) the plaintiff worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." *Rummel v. Highmark, Inc.*, No. 3:13-CV-87, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013) (citing 29 U.S.C. § 216(b)); see also *Davis*, 765 F.3d at 241; *Bedolla v. Brandolini*, No. CV 18-146, 2018 WL 2291117, at *3 (E.D. Pa. May 18, 2018); *Mell v. GNC Corp.*, No. CIV.A. 10-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010) (collecting cases).

This Court was asked to determine this exact question upon Defendants' previous motion to dismiss/for a more definite statement. In finding that the Plaintiffs' second amended complaint had not sufficiently alleged an FLSA overtime wage violation, this Court found:

> "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). See accord *Davis*, 765 F.3d at 242–43. While Plaintiffs allege that they had to work over eight hours in one day by starting and ending up to a total of four hours over their scheduled shift, they do not allege, for example that they were regular full-time employees or that the time worked over their scheduled shift forced them to work over 40 hours in a single workweek. Instead,

8

> Plaintiffs simply allege that they worked up to four hours over their eight-hour shift "each day of work." (ECF No. 7 at ¶¶ 13, 33). Moreover, Plaintiffs do not allege that they worked over 40 hours in any given week and worked uncompensated time in excess of 40 hours. To state an unpaid overtime FLSA claim, "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). See also *Davis*, 765 F.3d at 242–43. Plaintiffs have offered no such allegations in this case.
>
> While such an insufficient pleading would support dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, Defendants simply seek a more definite statement from Plaintiffs alleging sufficient facts tending to prove they worked over 40 hours in a single workweek and were uncompensated for the time in excess of 40 hours. Therefore, Defendants' motion for a more definite statement is granted, and to the extent that Plaintiffs can amend their complaint in compliance with Federal Rule of Civil Procedure 11 to include such facts, they may do so. Should Plaintiffs not be able to adequately amend their complaint to include such allegations, their FLSA unpaid overtime claim will be dismissed with prejudice.

Memo Op. (ECF No. 25) at 11-12. Thus, Plaintiffs were on notice of exactly how they needed to amend their complaint to adequately state an FLSA unpaid overtime claim. Despite this, Plaintiffs have failed to allege adequate facts that would reasonably support an inference that either Plaintiff worked forty hours in a single workweek and were not compensated for time worked in excess of forty hours.

The Court of Appeals for the Third Circuit in *Davis v. Abington Meml. Hosp.*, held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." 765 F.3d 236, 241-42 (3d Cir. 2014) (citations and quotation marks omitted) (alterations in original). In applying this standard, the *Davis* court upheld the dismissal of an unpaid overtime wage claim where the plaintiff-employees alleged "he or she 'typically' worked shifts totaling between thirty-two and forty hours per week and further alleges that he or she 'frequently' worked extra time." *Id*. at 242 (finding that, for example, although an employee pleaded she typically

9

worked shifts totaling forty hours per week, frequently worked during her unpaid meal periods, worked one to two hours after her shift and was required to complete twenty hours annually of continuing education, she did not adequately state an unpaid overtime wage violation).  The court reasoned that "[n]one of the named plaintiffs . . . alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." *Id*. While the employees alleged they " 'typically' worked at least forty hours per week, in addition to extra hours 'frequently' worked during meal breaks or outside of their scheduled shifts[,] . . . none indicate[d] that [they] in fact worked extra hours *during* a typical (that is, a forty-hour) week[, and t]heir allegations [were] therefore insufficient." *Id*. at 243 (emphasis in original). In other words, "a plaintiff must connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the allegations concerning a typical forty-hour week include an assertion that the employee worked additional hours during such a week[.]" *Id*. at 243 n. 7.  *See Raptis v. DPS Land Services, LLC*, 2:19-CV-01262-CRE, 2020 WL 2572190, at *5 (W.D. Pa. May 21, 2020) (finding that the allegation that the putative FLSA class members "worked well in excess of 40 hours each week while employed" by the defendant and the defendant "failed to provide [the putative class members] with overtime pay for hours they worked in excess of forty (40) hours in a workweek[]" satisfied the *Davis* standard).

Similar to the plaintiffs in *Davis*, Plaintiffs here have not adequately alleged, despite multiple opportunities to amend their complaint to do so, that they worked at least forty hours per week and also worked uncompensated time during that forty-hour week.  Plaintiff Hansen alleges that she worked three to four days per week for eight-hour shifts and "routinely" worked one to two hours before her shift and one to two hours after her shift and was not compensated beyond

10

her eight-hour shift. These allegations are insufficient to state an FLSA unpaid overtime claim under *Davis*, as Plaintiff Hansen has not adequately alleged that she in fact worked extra hours during a forty-hour work week. It is not enough to speculate that it is plausible that Plaintiff Hansen could have worked over forty-hours in a seven-day period, she must allege that *during* a forty-hour week, she worked additional hours.

Plaintiff Nardelli's claim fairs no better. While Plaintiff Nardelli is implicitly alleged to have been a full-time employee from October 2015 through March 2019[2], she does not allege that she worked forty hours in a given week and does not adequately allege that she worked uncompensated time during that forty-hour week. Plaintiff Nardelli alleges that from October 2015 through March 2019, she was "routinely" required to begin work one to two hours before her scheduled shift and stay one to two hours after her scheduled shift and was not compensated beyond her eight-hour shift. These allegations are insufficient to state an FLSA unpaid overtime claim under *Davis*, as Plaintiff Nardelli has not adequately alleged that she in fact worked extra hours during a forty-hour work week. The same reasoning is true for Plaintiff Nardelli's allegations that between April 2019 and March 2020 Plaintiff worked "typically three to four days a week" for eight-hour shifts and "would have accrued more than forty hours in a seven-day period on many occasions." Compl. (ECF No. 32) at ¶¶ 26; 29. Plaintiff does not adequately allege that during this period that she worked extra hours during any forty-hour work week. Again, it is not enough to speculate that it is plausible that Plaintiff Nardelli could have worked over forty-hours in a seven-day period, she must allege that during a forty-hour week, she worked additional hours.

---

[2] Plaintiff Nardelli does not explicitly allege that she was a full-time employee regularly working forty hours per week; rather, she implies that she was a full-time employee by saying that in April 2019, she began to work part-time or less than five days per week and typically worked three to four days per week. *See* Compl. at ¶¶ 14-21; 25-26.

This conclusion does not require Plaintiffs to "identify the exact dates and times that [they] worked overtime[,]" but simply requires them to allege during a forty-hour work week, they worked uncompensated additional hours during that week. *Davis v. Abington Meml. Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014). Accordingly, because Plaintiffs have failed to state an FLSA unpaid overtime wage claim and has previously been afforded multiple opportunities to amend their complaint, these claims (Counts II and V) will be dismissed with prejudice.

   c. Lack of Jurisdiction

Defendants next argue that this Court lacks subject matter jurisdiction over the state law wage claims if the FLSA claims are dismissed.

A federal court's supplemental jurisdiction over state law claims differs from a court's subject matter jurisdiction over a matter. While absent diversity, a court does not have subject matter jurisdiction over state law claims, a court has supplemental jurisdiction over state law claims packaged with federal claims. *Compare* 28 U.S.C. § 1331 with 28 U.S.C. §§ 1332 and 1367. This case presents the latter basis for jurisdiction over Plaintiffs' state law wage claims. A federal district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court of Appeals for the Third Circuit has recognized, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original).

The issue of whether this Court should exercise supplemental jurisdiction over Plaintiffs'

remaining state law claims is not yet ripe, as two causes of action under the FLSA remain: Counts III and VI related to failure to pay a minimum wage. While Defendants did not move to dismiss these claims, the Court will give Defendants the opportunity to file supplemental briefing on whether these claims are viable.[3] Likewise, the Court will accept supplemental briefing as to whether Plaintiffs' state law wage claims are viable.

## V.    CONCLUSION

Based on the foregoing, Defendants' motion to strike is DENIED, their motion to dismiss is GRANTED, and supplemental briefing will be ORDERED.

An appropriate Order follows.

DATED this 12th day of September, 2022.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

---

[3]    The parties shall specifically address whether these claims are better considered "gap time" claims. *See Davis v. Abington Meml. Hosp.*, 765 F.3d 236, 243–44 (3d Cir. 2014) ("Courts widely agree that there is no cause of action under the FLSA for 'pure' gap time wages—that is, wages for unpaid work during pay periods without overtime.").