IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JESSICA NARDELLI, AND; AND JULIE HANSEN,<br><br>          Plaintiffs,<br><br>     vs.<br><br>DON G. LAMPARSKI, D.M.D, AND; AND DON G. LAMPARSKI, JR., BOTH JOINTLY AND SEVERALLY;<br><br>          Defendants, | 2:20-CV-01723-CRE |

## MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

I.    INTRODUCTION

This civil action was initiated by Plaintiffs, Jessica Nardelli and Julie Hansen, former employees of Defendants, Don G. Lamparski, D.M.D and Don G. Lamparski, Jr. D.M.D., alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.,* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. §333.104(c).   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim and for lack of jurisdiction. (ECF No. 41).  Plaintiffs were ordered to respond by November 14, 2022.  As of the date of this Opinion, Plaintiffs have not responded.  Consequently, the motion is ripe for disposition.  For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 41) is granted.

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore, the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

**II.     BACKGROUND**

Since the initiation of this action, Plaintiffs have filed four separate iterations of their complaint alleging various overtime and minimum wage violations. Plaintiffs filed their first Amended Complaint as of right following the Defendants filing of a motion to dismiss. (ECF No. 13). Defendants moved *inter alia* for a more definite statement which the Court granted and ordered Plaintiffs to file a second amended complaint. (ECF No. 26). Plaintiffs filed a Second Amended Complaint, which the Defendants moved to dismiss. While the Court issued a briefing order on the motion to dismiss, Plaintiffs filed a Third Amended Complaint ("TAC") and did not issue a responsive pleading. (ECF No. 32).

The TAC alleges the following: (1) A "participation theory" violation of the FLSA and the PMWA against Defendants by both Plaintiffs ("Count I"); (2) Failure to pay overtime in violation of the FLSA against Defendants by Plaintiff Nardelli ("Count II"); (3) Failure to pay a minimum wage in violation of the FLSA against Defendants by Plaintiff Nardelli ("Count III"); (4) Failure to pay overtime and base rate in violation of the PMWA ("Count IV"); (5) Failure to pay overtime in violation of the FLSA against Defendants by Plaintiff Hansen ("Count V"); (6) Failure to pay minimum wage in violation of the FLSA by Plaintiff Hansen ("Count VI"); and (7) Failure to pay overtime and base rate in violation of the PMWA by Plaintiff Hansen ("Count VII"). (ECF No. 32).

Defendants moved to strike or dismiss the TAC. (ECF No. 33). On September 12, 2022, the Court denied the Motion to Strike and granted Defendants' Motion to Dismiss as to Counts II and V with prejudice. (ECF No. 39). In other words, Plaintiffs' claims for failure to pay overtime pay in violation of the FLSA were dismissed with prejudice from this case. The Court deferred ruling on the motion to dismiss the state law claims for lack jurisdiction and

permitted a supplemental motion to dismiss the remaining federal claims (Counts III and VI - failure to pay minimum wage in violation of the FLSA) and additional briefing as to Plaintiffs' state law claims. *Id.* Defendants filed a Supplemental Motion to Dismiss for Failure to State a Claim and a Brief in Support. (ECF Nos. 41 and 42). Plaintiffs were ordered to file a response to the Supplemental Motion by November 14, 2022. (ECF No. 40). To date, however, Plaintiffs have not filed a response.

Because the Court has previously recounted the facts underlying this action (ECF Nos. 25 and 39), only those additional facts necessary for the disposition of the present motion will be included herein. Plaintiff Nardelli alleges that she "was compensated at a rate of $16.50 per hour." (ECF No. 32, ¶13). She further alleges, however, that she "worked hours for which she received no hourly rate of compensation….[and, t]herefore [she] was not compensated at a minimum wage rate for many hours worked." *Id*. at ¶91-92. Plaintiff Hansen asserts that she "was compensated at $20.00 per hour, in eight hour 'units.'" *Id.* at ¶ 50. Like Plaintiff Nardelli, Plaintiff Hansen further asserts that she "worked hours for which she received no hourly rate of compensation….[and, t]herefore [she] was not compensated at a minimum wage rate for many hours worked." *Id.* at ¶¶ 133-34.

III.   **STANDARD OF REVIEW**

    a.   *Federal Rule of Civil Procedure 12(b)(6)*

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

4

possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings," the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV.   DISCUSSION**

In the pending Motion, Defendants seek to dismiss Counts III and VI of the TAC for failure to state a claim pursuant to Rule 12(b)(6) and the remaining state law claims (Counts IV and VII) for lack of jurisdiction pursuant to Rule 12(b)(1) or failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 41). Each argument will be separately discussed.

    a.    <u>Motion to Dismiss Counts III and VI for Failure to State a Minimum Wage Violation Pursuant to the FLSA</u>

To state a claim for minimum wage violations pursuant to the FLSA, a plaintiff must

allege that his/her average hourly wage falls below the federal minimum wage. *Razak v. Uber Techs., Inc.*, No. CV 16-573, 2016 WL 5874822, at *5 (E.D. Pa. Oct. 7, 2016).  The federal minimum wage applicable during Plaintiffs' employment was $7.25 per hour.  29 U.S.C.A. § 206.  Defendants assert Plaintiffs have failed to state a claim that they were paid less than $7.25 per hour even assuming, *arguendo,* Plaintiffs worked additional uncompensated hours.[2]  (ECF No. 42).  Upon consideration, the Court agrees.

As set forth above, Plaintiff Nardelli alleges that at all times she was compensated $16.50 per hour and Plaintiff Hansen alleges that at all times she was compensated $20.00 per hour. (ECF No. 32, ¶¶13, 50). Furthermore, a review of the TAC reveals that Plaintiffs have not explicitly alleged that their average hourly wage fell below the federal minimum during any particular week.  *See,* ECF No. 39, Memorandum Opinion of this Court dated September 12, 2022, discussing Plaintiffs' failure to state an FLSA unpaid overtime wage claim.  Bald assertions are simply insufficient.  *Id.*  Plaintiffs have not filed a response to this argument. Simply put, Plaintiff's TAC lacks the necessary specificity that would permit an inference of a minimum wage violation pursuant to the FLSA.

Since Plaintiffs have been afforded multiple opportunities amend their complaint, the Court finds that amendment at this point would be futile and these claims (Counts III and VI). Consequently, Counts III and VI of the TAC will be dismissed with prejudice.

---

[2] "Courts widely agree that there is no cause of action under the FLSA for "pure" gap time wages—that is, wages for unpaid work during pay periods without overtime. *See, e.g., Nakahata [v. N.Y.-Presbyterian Healthcare Sys., Inc.,*] 723 F.3d [192,] 201 ("[T]he FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold."); *Monahan v. Cnty. of Chesterfield, Va.,* 95 F.3d 1263, 1280 (4th Cir.1996) (same)." *Davis v. Abington Meml. Hosp.,* 765 F.3d 236, 244 (3d Cir. 2014).  To that end, the Third Circuit held, straight time wages for unpaid work during pay periods without overtime—are not cognizable under the FLSA.  *Id.*  As such, gap time wages are not available here.  Additionally, the Court notes that "overtime gap time" is not an issue in this case since the Court has already held Plaintiffs' overtime claims were factually inadequate and dismissed Plaintiffs' claims for overtime wage violations pursuant to the FLSA.  *See,* ECF No. 39.

  b.  State Claims under PMWA

  The remaining claims of Plaintiffs' TAC are state law claims for failure to pay overtime and base rate pay in violation of the PMWA (Counts IV and VI). Defendants seek dismissal of based on lack of jurisdiction pursuant to 28 U.S.C. §1367(c) and/or dismissal based on Rule 12(b)(6) for failure to state a claim. (ECF No. 42).

  A federal court's supplemental jurisdiction over state law claims differs from a court's subject matter jurisdiction over a matter. While absent diversity, a court does not have subject matter jurisdiction over state law claims, a court does have supplemental jurisdiction over state law claims that are packaged with federal claims. *Compare* 28 U.S.C. § 1331 with 28 U.S.C. §§ 1332 and 1367. A federal district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court of Appeals for the Third Circuit has recognized, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original).

  In this case, the state law claims parallel the federal claims. See, ECF No. 32. Because of the substantial parallel between the FLSA and the PMWA, federal courts interpret the FLSA when analyzing claims under the PMWA. *See, e.g.*, *Razak v. Uber Tech., Inc.*, No. 16-573, 2016 WL 5874822, at *7 (E.D. Pa. Oct. 7, 2016); *Rui Tong v. Henderson Kitchen Inc.*, No. CV 17-1073, 2018 WL 4961622, at *3 (E.D. Pa. Oct. 12, 2018). Thus, weighing consideration of judicial economy, convenience, and fairness to the parties, the Court finds the exercise of

supplemental jurisdiction over the state law claims is appropriate and justified. Thus, the Motion to Dismiss based on lack of jurisdiction is denied.

That does not end the inquiry, however. Similar to the FLSA claims, Defendants seek to dismiss the PMWA claims for failure to state a claim. (ECF Nos. 41, 42). The PMWA provides that employers must pay employees a base rate and overtime pay. 43 P.S. §333.104. "Pennsylvania courts have indicated that it is proper to give deference to the federal courts' interpretation of a federal statute when the state statute at issue substantially parallels the federal law." *Ford-Greene v. NHS, Inc.,* 106 F. Supp. 3d 590, 613 (E.D. Pa. 2015). For the reasons set forth in this Opinion dismissing Counts III and VI and the Opinion dated August 12, 2022 (dismissing Counts II and V), the Court finds Plaintiffs have failed to allege overtime and base rate pay violations of the PMWA in their TAC. Consequently, dismissal is warranted as to Plaintiffs' claims for overtime and base rate pay violations of the PMWA (Counts IV and VII). Since Plaintiffs have been afforded multiple opportunities amend their complaint, the Court finds that amendment at this point would be futile and these claims (Counts IV and VII). Therefore, Counts IV and VII of the TAC will be dismissed with prejudice.[3]

## V.     CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 41) is GRANTED and all claims against the Defendants are dismissed, with prejudice, as the Court finds amendment at this point would be futile. Defendants' Motion to Dismiss for lack of jurisdiction is DENIED.

An appropriate Order follows.

---

[3] Count I is not an independent claim but a "participation theory" claim attempting to hold a corporate officer liable for the alleged conduct and is pled in connection with all counts. Since the Court is dismissing all claims, Count I is also dismissed with prejudice.

DATED this 8th day of June, 2023.

                              BY THE COURT:

                              s/Cynthia Reed Eddy
                              Chief United States Magistrate Judge